JULIA EILEEN WILHITE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-106-CR

JULIA EILEEN WILHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, Julia Eileen Wilhite, appeals her conviction for assault with bodily injury.  Raising four points, Appellant claims: 1) that her conviction is against the great weight and preponderance of the evidence; 2) that the evidence is factually insufficient to sustain a verdict of guilty; 3) that the trial court improperly excluded evidence regarding Appellant’s state of mind; and 4) that the trial court failed to properly instruct the jury regarding self-defense and defense of her child as raised by the evidence.
  We affirm.

FACTS

On the night of June 3, 2000, Appellant assaulted her ex-husband’s girlfriend, Nicki West (West).
  
Appellant’s ex-husband’s name is Michael Wilhite (Wilhite).  The assault occurred at Wilhite’s apartment.  On the night of the assault, Wilhite was at his apartment recovering from knee surgery.
  
C.W., Wilhite’s and Appellant’s daughter, and West stayed over at Wilhite’s apartment to care for him.
  

Appellant testified that she did not like the idea of West and C.W. sleeping in the same room because she did not know West well enough.
  
On the night in question, Appellant stated that she grew concerned that Wilhite would fail to give C.W. her allergy medicine while C.W. was over at Wilhite’s apartment, and so she went over to the apartment.
  
Before she went to the apartment, Appellant called and Wilhite talked to her and told her that West was at the apartment, while C.W. told her that West was not at the apartment.
  
Appellant stated that her mother’s intuition told her something was wrong, so she drove over to Wilhite’s apartment.
  

When Appellant arrived, she banged on the door until Wilhite let her in.
  
She gave Wilhite some medicine for C.W. and then claimed that she needed to use the restroom.
  
Wilhite allowed her to come into the apartment to use his restroom.
  
Once Appellant used the restroom, she demanded to see C.W., but Wilhite told Appellant that C.W. was asleep and that Appellant could not see her.
  
Appellant ignored Wilhite’s order to leave and raced into Wilhite’s bedroom.
  
Appellant then saw West and C.W. on a pallet on the floor.
  
Both West and C.W. were awake by this time.
  

Appellant began to curse, and West told her to leave the apartment.
  
Appellant refused to leave without her daughter.  In the middle of the argument over whether Appellant was going to take C.W. with her, Appellant became enraged and attacked West.
  
She broke West’s nose and kicked Wilhite in his wounded knee.
 
 Wilhite eventually wrestled Appellant outside and told West to call the police.
  
The police arrived and arrested Appellant for assaulting West. 

Appellant was charged with assaulting both Wilhite and West.  The jury found her not guilty of assaulting Wilhite.  However, the jury did find Appellant guilty of assaulting West.  The trial court then assessed Appellant’s punishment at one year imprisonment, probated for two years, and a $1,000 fine.

LEGAL SUFFICIENCY

In her first point on appeal, Appellant claims that the evidence was legally insufficient to show that she assaulted West.  Appellant claims that the evidence does not show that she had the required intent to assault West.  Instead, Appellant claims that the injuries West suffered were the product of an unintentional reaction by Appellant in an effort to protect her daughter.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to
 the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

We measure legal sufficiency of the evidence based on the theoretically correct jury charge.  
See Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (holding that sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case).  Under section 22.01 of the penal code, a person commits the crime of assault if the person intentionally, knowingly or recklessly causes bodily injury to another.  
Tex. Penal Code Ann.
 § 22.01 (Vernon 2003).  

Appellant testified at trial that she hit West.  Further, Appellant does not deny that she caused bodily injury when she hit West.  Appellant argues instead that the evidence does not show that she intended to hit West.  We must, therefore, determine whether Appellant hit West either intentionally,  knowingly or recklessly.  
Malik
, 953 S.W.2d at 240. 

Wilhite testified that he witnessed Appellant attack West.  He stated that West made no threatening gestures.  West simply told Appellant that she needed to leave.  Wilhite testified that Appellant stated, “how dare you tell me to get out of my husband’s home.”  Wilhite then stated that at this time, Appellant became very angry and began to jump up and down.  Appellant then attacked West by punching and kicking West repeatedly.  Wilhite testified that once he managed to wrestle Appellant out of the apartment, Appellant asked him why the two of them were divorcing.  She stated that she thought that the two were happy.  Wilhite testified that in his opinion Appellant intentionally attacked West and him.  

West testified to nearly identical facts.  She testified that she did nothing to provoke Appellant’s attack.  She stated that she told Appellant that she needed to leave, and Appellant attacked her.  Before the attack, West was standing with her arms by her side and made no threatening movements.  West testified that she never attempted to hit Appellant back and only crossed her arms over her face in an attempt to stop some of the blows from Appellant.  

C.W. witnessed the attack and testified at trial.  C.W. testified that she witnessed Appellant attack both West and Wilhite.  While C.W. did not understand why Appellant attacked West, she testified that Appellant appeared mad.  

The evidence shows that Appellant attacked West and caused bodily injury.  Further, the evidence shows that one possible motivation for this attack was jealousy because West was with Wilhite.  We hold that this evidence was legally sufficient to show that Appellant intentionally attacked West.  We, therefore, overrule Appellant’s first point on appeal.

FACTUAL SUFFICIENCY

Appellant claims in her second point on appeal that the evidence was factually insufficient to show that she assaulted West with the requisite intent.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant bases her factual sufficiency argument on whether the state proved that she intentionally attacked West.  Appellant concedes that she did in fact punch West and caused bodily injury.  However, Appellant claims that she only intended to save her daughter from an alleged dangerous situation; therefore, Appellant claims that her actions were justified.  The Texas Penal Code defines the elements of defense of others.  
Tex. Penal Code Ann.
 § 9.33 (Vernon 2003).  Section 9.33 states that 

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect;  and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

 

Id
.  Appellant claims that if the circumstances were as she reasonably believed them to be, then she was justified in using force to protect C.W.  

Appellant cannot point to any evidence which shows that C.W. was in need of protection from West or Wilhite.  Appellant claims that the fact that Wilhite viewed pornography on the Internet, met West on the Internet, and that West was sleeping on the floor next to C.W. would cause a rational individual to conclude that C.W. was in need of immediate protection.  West further claims that the only manner in which she could protect C.W. was by the use of force against West.

However, the evidence at trial showed that Wilhite and West had dated for over five months.  Over those five months, West and C.W. had developed a close relationship.  So much so, that C.W. often referred to West as “Mom.” On the night of the assault, both West and C.W. were already asleep, and both of them were appropriately dressed.  No testimony showed even the slightest hint that West posed a danger to C.W.  We hold that no evidence existed to show that West was a danger to C.W., and no evidence existed to show that immediate action was necessary to protect C.W.  The evidence shows that Wilhite, West, and C.W. were all sleeping when Appellant came to the apartment. Appellant can only point to her “intuition” as a mother to support her belief that C.W. was in danger on the night in question.  We hold that Appellant’s intuition is insufficient to prove that her actions were protected under section 9.33.

Appellant testified that when she saw West and C.W. in the room, Appellant calmly entered the room and requested that West come outside so that they could talk.  West followed Appellant out of the room.  Once in the hallway, Appellant became violent toward West and Wilhite and said that either West needed to leave or Appellant was going to take C.W. home with her.  Appellant stated that West told her that she was the one who needed to leave.  Appellant claimed that during the argument, West’s responses were quite “smug” and “smart.”  Appellant then stated that “[b]y that time I was pretty upset, and I did hit her with my fist.”

Once Wilhite dragged Appellant from the apartment, Appellant continued to yell and scream.  Wilhite testified that Appellant was yelling “how can you be with her? What happened to us?  I thought we were happy.”  This testimony provided factually sufficient evidence to prove that Appellant intentionally attacked and caused bodily injury to West out of a deep-felt animosity toward West for being with Wilhite.  We hold that the evidence was factually sufficient to support Appellant’s conviction for assault with bodily injury.  Therefore, we overrule Appellant’s second point on appeal.

EXCLUDED EVIDENCE

In Appellant’s third point on appeal, she claims that the trial court erred by excluding evidence regarding her state of mind.  Appellant claims that the trial court wrongfully excluded evidence of Wilhite’s Internet usage that would have gone to show that she reasonably thought C.W. was in danger.  The record shows that the trial court ruled that the proffered evidence was not relevant to show Appellant’s state of mind. 

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford a trial court great discretion.  
Montgomery v. State
, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).  Thus, we review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  The trial court's ruling will be upheld as long as it is within the “zone of reasonable disagreement.”  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Before evidence is admissible, it must be relevant as defined by rule 401 of the Texas Rules of Evidence.  
Tex. R. Evid.
 401, 402.  Evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  
Tex. R. Evid.
 401.  In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved.  
Reed v. State
, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd).  So long as there is any reasonable logical nexus, the evidence will pass the relevancy test.  
Id
.

Appellant attempts to say that evidence of Wilhite’s pornography usage would tend to prove that her fear for C.W. was reasonable.  Assuming that the evidence would have shown that Wilhite viewed pornography on the Internet, this evidence does not go to show that Appellant’s alleged fears for C.W.’s safety were reasonable.  

Appellant testified that the reason that she felt that C.W. was in danger was because West was sleeping on the floor in the same room as C.W.  Further, the evidence shows that only when Appellant saw C.W. in the apartment did she become upset.  Appellant then offered to allow Wilhite to have C.W. the following weekend, when West was not staying at the apartment, if Wilhite would allow C.W. to go home with Appellant that evening.  This evidence shows that Appellant thought that West’s presence in the apartment was the only danger to C.W.  Therefore, Appellant needed to show how Wilhite viewing pornography on the Internet related to the belief that West was dangerous to C.W.

The evidence, however, could only go to show that Wilhite might have been dangerous.  The fact that Wilhite may have viewed pornography did not show that West was a danger to C.W.  Appellant never insinuated that West viewed the Internet sites or even knew that Wilhite viewed the sites.  Appellant’s sole claim as to relevancy was that Wilhite met West on the Internet, and he also viewed pornography on the Internet.  There is simply no connection between Appellant’s alleged state of mind and the fact that Wilhite viewed pornography on the Internet.  Therefore, the proffered evidence was irrelevant and the trial court did not abuse its discretion in excluding it.  
See King v. State
, 17 S.W.3d 7, 20 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d) (holding that if the trial court properly determines that the evidence is irrelevant, the evidence is absolutely inadmissible and the trial court has no discretion to admit it).  We overrule Appellant’s third point on appeal.

JURY INSTRUCTION

In Appellant’s fourth point on appeal, she claims that the trial court failed to properly instruct the jury concerning self-defense regarding her child as raised by the evidence.  The record shows that Appellant did not request a specific charge in this case.  Further, when the trial court asked for objections on the proposed charge, Appellant responded, “None from the defense, Your Honor.”  
Appellant has, therefore, failed to properly preserve error by a request or an objection.  We do not apply 
Almanza
 to review the omission of a jury instruction on a defensive issue that was not properly preserved at trial by a request or objection.  
Tex. R. App. P. 
33.1; 
Posey v. State, 
966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998).  Article 36.14 imposes no duty on the trial court to sua sponte instruct the jury on unrequested defensive issues because these issues are not “law ‘applicable to the case’”; they are simply issues that were not raised at trial.  
Posey
, 966 S.W.2d at 61-62.  Because Appellant failed to preserve error, we overrule her fourth point on appeal.

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.