COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-106-CR
 
JULIA EILEEN WILHITE                                                            
APPELLANT
V.
THE STATE OF TEXAS                                                             
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 3 OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant, Julia Eileen Wilhite, appeals her conviction for assault with
bodily injury. Raising four points, Appellant claims: 1) that her conviction is
against the great weight and preponderance of the evidence; 2) that the evidence
is factually insufficient to sustain a verdict of guilty; 3) that the trial
court improperly excluded evidence regarding Appellant's state of mind; and 4)
that the trial court failed to properly instruct the jury regarding self-defense
and defense of her child as raised by the evidence. We affirm.
FACTS
On the night of June 3, 2000, Appellant assaulted her ex-husband's
girlfriend, Nicki West (West). Appellant's ex-husband's name is Michael Wilhite
(Wilhite). The assault occurred at Wilhite's apartment. On the night of the
assault, Wilhite was at his apartment recovering from knee surgery. C.W.,
Wilhite's and Appellant's daughter, and West stayed over at Wilhite's apartment
to care for him.
Appellant testified that she did not like the idea of West and C.W. sleeping
in the same room because she did not know West well enough. On the night in
question, Appellant stated that she grew concerned that Wilhite would fail to
give C.W. her allergy medicine while C.W. was over at Wilhite's apartment, and
so she went over to the apartment. Before she went to the apartment, Appellant
called and Wilhite talked to her and told her that West was at the apartment,
while C.W. told her that West was not at the apartment. Appellant stated that
her mother's intuition told her something was wrong, so she drove over to
Wilhite's apartment.
When Appellant arrived, she banged on the door until Wilhite let her in. She
gave Wilhite some medicine for C.W. and then claimed that she needed to use the
restroom. Wilhite allowed her to come into the apartment to use his restroom.
Once Appellant used the restroom, she demanded to see C.W., but Wilhite told
Appellant that C.W. was asleep and that Appellant could not see her. Appellant
ignored Wilhite's order to leave and raced into Wilhite's bedroom. Appellant
then saw West and C.W. on a pallet on the floor. Both West and C.W. were awake
by this time.
Appellant began to curse, and West told her to leave the apartment. Appellant
refused to leave without her daughter. In the middle of the argument over
whether Appellant was going to take C.W. with her, Appellant became enraged and
attacked West. She broke West's nose and kicked Wilhite in his wounded knee.
Wilhite eventually wrestled Appellant outside and told West to call the police.
The police arrived and arrested Appellant for assaulting West.
Appellant was charged with assaulting both Wilhite and West. The jury found
her not guilty of assaulting Wilhite. However, the jury did find Appellant
guilty of assaulting West. The trial court then assessed Appellant's punishment
at one year imprisonment, probated for two years, and a $1,000 fine.
LEGAL SUFFICIENCY
In her first point on appeal, Appellant claims that the evidence was legally
insufficient to show that she assaulted West. Appellant claims that the evidence
does not show that she had the required intent to assault West. Instead,
Appellant claims that the injuries West suffered were the product of an
unintentional reaction by Appellant in an effort to protect her daughter.
In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When
performing a legal sufficiency review, we may not sit as a thirteenth juror,
re-evaluating the weight and credibility of the evidence and, thus, substituting
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
We measure legal sufficiency of the evidence based on the theoretically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997) (holding that sufficiency of the evidence should be measured by
the elements of the offense as defined by the hypothetically correct jury charge
for the case). Under section 22.01 of the penal code, a person commits the crime
of assault if the person intentionally, knowingly or recklessly causes bodily
injury to another. Tex. Penal Code Ann. § 22.01 (Vernon 2003).
Appellant testified at trial that she hit West. Further, Appellant does not
deny that she caused bodily injury when she hit West. Appellant argues instead
that the evidence does not show that she intended to hit West. We must,
therefore, determine whether Appellant hit West either intentionally, knowingly
or recklessly. Malik, 953 S.W.2d at 240.
Wilhite testified that he witnessed Appellant attack West. He stated that
West made no threatening gestures. West simply told Appellant that she needed to
leave. Wilhite testified that Appellant stated, "how dare you tell me to
get out of my husband's home." Wilhite then stated that at this time,
Appellant became very angry and began to jump up and down. Appellant then
attacked West by punching and kicking West repeatedly. Wilhite testified that
once he managed to wrestle Appellant out of the apartment, Appellant asked him
why the two of them were divorcing. She stated that she thought that the two
were happy. Wilhite testified that in his opinion Appellant intentionally
attacked West and him.
West testified to nearly identical facts. She testified that she did nothing
to provoke Appellant's attack. She stated that she told Appellant that she
needed to leave, and Appellant attacked her. Before the attack, West was
standing with her arms by her side and made no threatening movements. West
testified that she never attempted to hit Appellant back and only crossed her
arms over her face in an attempt to stop some of the blows from Appellant.
C.W. witnessed the attack and testified at trial. C.W. testified that she
witnessed Appellant attack both West and Wilhite. While C.W. did not understand
why Appellant attacked West, she testified that Appellant appeared mad.
The evidence shows that Appellant attacked West and caused bodily injury.
Further, the evidence shows that one possible motivation for this attack was
jealousy because West was with Wilhite. We hold that this evidence was legally
sufficient to show that Appellant intentionally attacked West. We, therefore,
overrule Appellant's first point on appeal.
FACTUAL SUFFICIENCY
Appellant claims in her second point on appeal that the evidence was
factually insufficient to show that she assaulted West with the requisite
intent. In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis
v. State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is
factually insufficient if it is so weak as to be clearly wrong and manifestly
unjust or the adverse finding is against the great weight and preponderance of
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must
determine whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the verdict, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Id. In performing
this review, we are to give due deference to the fact finder's determinations. Id.
at 8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment
for that of the fact finder's. Johnson, 23 S.W.3d at 12. Consequently,
we may find the evidence factually insufficient only where necessary to prevent
manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
To make a determination of factual insufficiency, a complete and detailed
examination of all the relevant evidence is required. Johnson, 23
S.W.3d at 12. A proper factual sufficiency review must include a discussion of
the most important and relevant evidence that supports the appellant's complaint
on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
Appellant bases her factual sufficiency argument on whether the state proved
that she intentionally attacked West. Appellant concedes that she did in fact
punch West and caused bodily injury. However, Appellant claims that she only
intended to save her daughter from an alleged dangerous situation; therefore,
Appellant claims that her actions were justified. The Texas Penal Code defines
the elements of defense of others. Tex. Penal Code Ann. § 9.33 (Vernon 2003).
Section 9.33 states that

         A person is justified in using
 force or deadly force against another to protect a third person if:
 
         (1) under the circumstances as
 the actor reasonably believes them to be, the actor would be justified under
 Section 9.31 or 9.32 in using force or deadly force to protect himself
 against the unlawful force or unlawful deadly force he reasonably believes
 to be threatening the third person he seeks to protect; and
         (2) the actor reasonably
 believes that his intervention is immediately necessary to protect the third
 person.
 

Id. Appellant claims that if the circumstances were as she
reasonably believed them to be, then she was justified in using force to protect
C.W.
Appellant cannot point to any evidence which shows that C.W. was in need of
protection from West or Wilhite. Appellant claims that the fact that Wilhite
viewed pornography on the Internet, met West on the Internet, and that West was
sleeping on the floor next to C.W. would cause a rational individual to conclude
that C.W. was in need of immediate protection. West further claims that the only
manner in which she could protect C.W. was by the use of force against West.
However, the evidence at trial showed that Wilhite and West had dated for
over five months. Over those five months, West and C.W. had developed a close
relationship. So much so, that C.W. often referred to West as "Mom."
On the night of the assault, both West and C.W. were already asleep, and both of
them were appropriately dressed. No testimony showed even the slightest hint
that West posed a danger to C.W. We hold that no evidence existed to show that
West was a danger to C.W., and no evidence existed to show that immediate action
was necessary to protect C.W. The evidence shows that Wilhite, West, and C.W.
were all sleeping when Appellant came to the apartment. Appellant can only point
to her "intuition" as a mother to support her belief that C.W. was in
danger on the night in question. We hold that Appellant's intuition is
insufficient to prove that her actions were protected under section 9.33.
Appellant testified that when she saw West and C.W. in the room, Appellant
calmly entered the room and requested that West come outside so that they could
talk. West followed Appellant out of the room. Once in the hallway, Appellant
became violent toward West and Wilhite and said that either West needed to leave
or Appellant was going to take C.W. home with her. Appellant stated that West
told her that she was the one who needed to leave. Appellant claimed that during
the argument, West's responses were quite "smug" and
"smart." Appellant then stated that "[b]y that time I was pretty
upset, and I did hit her with my fist."
Once Wilhite dragged Appellant from the apartment, Appellant continued to
yell and scream. Wilhite testified that Appellant was yelling "how can you
be with her? What happened to us? I thought we were happy." This testimony
provided factually sufficient evidence to prove that Appellant intentionally
attacked and caused bodily injury to West out of a deep-felt animosity toward
West for being with Wilhite. We hold that the evidence was factually sufficient
to support Appellant's conviction for assault with bodily injury. Therefore, we
overrule Appellant's second point on appeal.
EXCLUDED EVIDENCE
In Appellant's third point on appeal, she claims that the trial court erred
by excluding evidence regarding her state of mind. Appellant claims that the
trial court wrongfully excluded evidence of Wilhite's Internet usage that would
have gone to show that she reasonably thought C.W. was in danger. The record
shows that the trial court ruled that the proffered evidence was not relevant to
show Appellant's state of mind.
When reviewing a trial court's decision to admit or exclude evidence, an
appellate court must afford a trial court great discretion. Montgomery v.
State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). Thus, we review a
trial court's ruling on the admissibility of evidence under an abuse of
discretion standard. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim.
App. 1998). The trial court's ruling will be upheld as long as it is within the
"zone of reasonable disagreement." Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000). Before evidence is admissible, it must
be relevant as defined by rule 401 of the Texas Rules of Evidence. Tex. R. Evid.
401, 402. Evidence is relevant if it has "any tendency to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence." Tex.
R. Evid. 401. In determining whether evidence is relevant, courts look to the
purpose for offering the evidence and whether there is a direct or logical
connection between the offered evidence and the proposition sought to be proved.
Reed v. State, 59 S.W.3d 278, 281 (Tex. App.--Fort Worth 2001, pet.
ref'd). So long as there is any reasonable logical nexus, the evidence will pass
the relevancy test. Id.
Appellant attempts to say that evidence of Wilhite's pornography usage would
tend to prove that her fear for C.W. was reasonable. Assuming that the evidence
would have shown that Wilhite viewed pornography on the Internet, this evidence
does not go to show that Appellant's alleged fears for C.W.'s safety were
reasonable.
Appellant testified that the reason that she felt that C.W. was in danger was
because West was sleeping on the floor in the same room as C.W. Further, the
evidence shows that only when Appellant saw C.W. in the apartment did she become
upset. Appellant then offered to allow Wilhite to have C.W. the following
weekend, when West was not staying at the apartment, if Wilhite would allow C.W.
to go home with Appellant that evening. This evidence shows that Appellant
thought that West's presence in the apartment was the only danger to C.W.
Therefore, Appellant needed to show how Wilhite viewing pornography on the
Internet related to the belief that West was dangerous to C.W.
The evidence, however, could only go to show that Wilhite might have been
dangerous. The fact that Wilhite may have viewed pornography did not show that
West was a danger to C.W. Appellant never insinuated that West viewed the
Internet sites or even knew that Wilhite viewed the sites. Appellant's sole
claim as to relevancy was that Wilhite met West on the Internet, and he also
viewed pornography on the Internet. There is simply no connection between
Appellant's alleged state of mind and the fact that Wilhite viewed pornography
on the Internet. Therefore, the proffered evidence was irrelevant and the trial
court did not abuse its discretion in excluding it. See King v. State,
17 S.W.3d 7, 20 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd)
(holding that if the trial court properly determines that the evidence is
irrelevant, the evidence is absolutely inadmissible and the trial court has no
discretion to admit it). We overrule Appellant's third point on appeal.
JURY INSTRUCTION
In Appellant's fourth point on appeal, she claims that the trial court failed
to properly instruct the jury concerning self-defense regarding her child as
raised by the evidence. The record shows that Appellant did not request a
specific charge in this case. Further, when the trial court asked for objections
on the proposed charge, Appellant responded, "None from the defense, Your
Honor." Appellant has, therefore, failed to properly preserve error by a
request or an objection. We do not apply Almanza to review the omission
of a jury instruction on a defensive issue that was not properly preserved at
trial by a request or objection. Tex. R. App. P. 33.1; Posey v. State, 966
S.W.2d 57, 61-62 (Tex. Crim. App. 1998). Article 36.14 imposes no duty on the
trial court to sua sponte instruct the jury on unrequested defensive issues
because these issues are not "law 'applicable to the case'"; they are
simply issues that were not raised at trial. Posey, 966 S.W.2d at
61-62. Because Appellant failed to preserve error, we overrule her fourth point
on appeal.
CONCLUSION
Having overruled all of Appellant's points on appeal, we affirm the trial
court's judgment.
 
                                                            
SAM J. DAY
                                                            
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 17, 2003

1. See Tex. R. App. P. 47.4.