Barbara Joan REED, Appellant,

v.

The STATE of Texas, State.

No. 2–00–144–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 2001.

Scott Brown, Fort Worth, for appellant.

Tim Curry; Crim. District Attorney; Charles M. Mallin, Chief Appellate Section; Donald J. Piller, Jason C. Moon, Ass't District Attorneys, Fort Worth, for appellee.

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

A jury convicted Appellant Barbara Joan Reed of murder, and the trial court assessed her punishment at thirty years' confinement. In a single point on appeal, Appellant challenges the trial court's refusal to admit medical records pertaining to Appellant's mental condition both before

and after her arrest and confession. We affirm.

## FACTUAL BACKGROUND

In the early morning hours of Sunday, October 11, 1998, the body of Carl Whisenant was found lying in a cul-de-sac behind a nightclub. His face and head had been wrapped in duct tape. An autopsy revealed that Whisenant died as a result of suffocation. On June 12, 1999, Detective Tommy LeNoir of the Arlington Police Department arrested Appellant, Whisenant's fiancé, for his murder. On the day of her arrest, Appellant gave two statements to LeNoir. In her second statement, Appellant admitted that she killed Whisenant by covering his face with duct tape and smothering him in the backseat of her car. Appellant then emptied Whisenant's pockets so that he could not be identified and dumped his body behind the nightclub.

At trial, LeNoir testified that he knew that Appellant had checked herself into the psychiatric ward of John Peter Smith Hospital in October 1998, and that she had received psychiatric treatment throughout the 1990's. LeNoir also testified that Appellant was on medication at the time she gave her second statement to him, in which she confessed to killing Whisenant. Appellant attempted to introduce into evidence two exhibits, marked defendant's exhibits one and two, consisting of records pertaining to Appellant's psychiatric history. Appellant argued that the records were relevant to the voluntariness of her confession. After hearing arguments from both sides outside the presence of the jury, the trial court refused to admit the exhibits.

## DISCUSSION

In her sole point on appeal, Appellant challenges the trial court's refusal to admit defendant's exhibit number two, which contains 149 pages of records from Tarrant County Mental Health and Mental Retardation Services. Appellant does not challenge the trial court's decision to exclude defendant's exhibit number one, consisting of 466 pages of medical records from John Peter Smith Hospital. Appellant contends that the medical records contained within defendant's exhibit number two show her ongoing use of antidepressant medication as well as a diagnosis of her mental state at certain relevant times both before and after her confession. Specifically, Appellant argues that the records reflect that she had been diagnosed with depression and anxiety disorders before she confessed to Whisenant's murder and that these same conditions existed after her confession. Accordingly, Appellant insists, these records, coupled with LeNoir's knowledge of Appellant's mental condition at the time she gave her confession, cast doubt on the free and voluntary nature of that confession.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard.[1] We will not reverse a trial court as long as its ruling was within the "zone of reasonable disagreement."[2] Moreover, if the trial court's ruling with regard to the admission of evidence is correct under any theory of law applicable to the case, it will be sustained, even if the trial court gives the

1. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim.App.1996), *cert. denied*, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990).

2. *Green*, 934 S.W.2d at 102; *Montgomery*, 810 S.W.2d at 391.

wrong reason for its decision.[3] While it appears from the record that the trial court sustained the State's relevancy objections to defendant's exhibit number one, the trial court's basis for excluding defendant's exhibit number two is not entirely clear. Neither the State nor Appellant directs us to any prosecution objection in the record relating specifically to defendant's exhibit number two. Consequently, we will review the arguments advanced by the State on appeal supporting its opposition to the admission into evidence of Appellant's medical records.

■■■ The State argues that the trial court correctly excluded defendant's exhibit number two because its contents were not relevant to the voluntariness of Appellant's confession. Before evidence is admissible, it must be relevant as defined by rule 401 of the Texas Rules of Evidence.[4] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[5] In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved.[6] So long as there is any reasonable logical nexus, the evidence will pass the relevancy test.[7] Furthermore, the court of criminal appeals has stated that "evidence merely tending to affect the probability of the truth or falsity of a fact in issue is logically relevant."[8] The evidence in question is relevant even if it only provides a "small nudge" in proving or disproving a fact of consequence to the trial.[9]

■■■ Article 38.21 of the Texas Code of Criminal Procedure provides that a statement of an accused may be used in evidence against her if it appears that the statement "was freely and voluntarily made without compulsion or persuasion."[10] A statement is not voluntary if there was "official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker."[11] The determination of whether a confession is voluntary is based on an examination of the totality of the circumstances surrounding its acquisition.[12]

■■■ While not alone determinative, mental impairment is a factor in ascertaining the voluntariness of a confession.[13] The question is whether the accused's mental impairment is so severe that she was incapable of understanding the mean-

**3.** *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

**4.** Tex.R. Evid. 401–402.

**5.** *Id.* 401.

**6.** *Fletcher v. State,* 852 S.W.2d 271, 276–77 (Tex.App.—Dallas 1993, pet. ref'd).

**7.** *Id.*

**8.** *Montgomery,* 810 S.W.2d at 376.

**9.** *Id.*

**10.** Tex.Code Crim. Proc. Ann. art. 38.21 (Vernon 1979).

**11.** *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App.1995).

**12.** *Penry v. State,* 903 S.W.2d 715, 744 (Tex. Crim.App.), *cert. denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995); *Griffin v. State,* 765 S.W.2d 422, 429 (Tex.Crim.App. 1989).

**13.** *Penry,* 903 S.W.2d at 744; *Bizzarri v. State,* 492 S.W.2d 944, 946 (Tex.Crim.App.1973).

ing and effect of her statement.[14] The records in defendant's exhibit number two in the case now before us show that Appellant was, on various dates in the months of January, June, and July, 1999, receiving treatment for psychiatric conditions, including depression, anxiety, and hallucinations. We cannot say that such evidence had no tendency to make it more probable than not that Appellant's confession was involuntary.

■ The State argues, however, that defendant's exhibit number two was properly excluded under rule 403 of the rules of evidence, which states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."[15] Specifically, the State contends that admission of the documents would have raised a substantial danger of confusing the jury. We agree.

The record before us reflects that no expert witness had been called or was available to explain to the jury the contents of defendant's exhibit number two. While Appellant asked the trial court for additional time to procure a psychiatrist "to explain in more detail to the Court" the relevance of the evidence "with relation to [Appellant's] mental capabilities in dealing with Detective LeNoir," the trial court denied her request, pointing out that Appellant had been given four weeks' notice of her impending trial date. Appellant does not complain on appeal of the trial court's

refusal to grant her a recess in the middle of trial to search for an expert.

■ The Texas Supreme Court has addressed the competence of a lay jury, without the guidance of an expert in the field, to evaluate technical medical evidence and to apply that evidence in resolving a fact issue in the case. In a medical malpractice action, unless the mode of treatment "is a matter of common knowledge or is within the experience of the layman, expert testimony will be required to meet this burden of proof."[16] This well established rule continues to govern cases in which a lay jury is required to link technical and specialized evidence, outside their experience, to a fact issue. A lay jury cannot be expected to evaluate this evidence and make an informed decision regarding proof of any link between the evidence and the fact issue without the assistance of an expert in that technical or specialized field.[17]

■ The documents that comprise defendant's exhibit number two do not, on their face, establish a connection between Appellant's mental condition and the voluntariness of her confession to LeNoir. The fact that Appellant was undergoing treatment for certain psychiatric conditions at times prior to and subsequent to her confession is not sufficient, in and of itself, to show that Appellant was unable to make a knowing and voluntary waiver of her rights. Nor is it conclusive on the issue of whether Appellant was subjected to undue coercion as a result of her mental state. In the absence of an expert witness to assist the jury in understanding the 149 pages of medical documentation that Ap-

14. *Casias v. State*, 452 S.W.2d 483, 488 (Tex. Crim.App.1970); *Harner v. State*, 997 S.W.2d 695, 699 (Tex.App.—Texarkana 1999, no pet.).

15. Tex.R. Evid. 403.

16. *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex.1977).

17. *Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 841 (Tex.1997).

pellant sought to place before them, and to link the information contained in those documents to the issue of whether Appellant's confession was voluntarily made, admission of the records would have created an impermissible danger of misleading the jury and confusing the issues. We, therefore, conclude that the trial court acted well within its discretion in excluding the records from evidence. Consequently, we overrule Appellant's sole point.

## CONCLUSION

Having overruled Appellant's only point on appeal, we affirm the trial court's judgment.