COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-537-CR
 
 
JAMES 
LAWRENCE THOMAS                                                
APPELLANT
A/K/A JAMES 
THOMAS
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
           
FROM THE 371ST DISTRICT COURT OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
I.  Introduction

Appellant 
James Lawrence Thomas appeals his convictions for aggravated sexual assault of a 
child and indecency with a child.  A 
jury found Thomas guilty and assessed his punishment at ninety-nine 
years= and 
twenty years= 
confinement, respectively, and the trial court sentenced him accordingly.  In two issues, Thomas contends that the 
trial court abused its discretion by excluding defense evidence and by admitting 
pornographic images police recovered from Thomas=s 
computer.  We will affirm.
II.  Factual and Procedural 
Background
Thomas 
married Melissa in July of 2001 after living with her and her two children, 
B.N.M. and J.T.C., for one year.  At 
the time, B.N.M. was eight years old.  
On March 17, 2003, B.N.M. confided to her mother that Thomas had been 
showing her Asexual 
things@ 
on the computer and touching her in her private areas and that it had been going 
on since before Melissa and Thomas married. That night, Melissa and her two 
children moved out of the house, but Melissa returned on March 19th and 
confiscated the hard drives from the three computers in their home. 

A 
computer forensics examiner, Detective Mark Stephens, retrieved 22,000 graphic 
images from the hard drive of Thomas=s 
home office computer. Detective Stephens also found the term ALolita@Ca 
term commonly used in child pornographyCon 
the hard drive 12,933 times and the term Aincest@ 
3,402 times. 

A 
grand jury indicted Thomas on five counts of aggravated sexual assault of a 
child and two counts of indecency with a child, but the State later elected to 
proceed on one count of aggravated sexual assault and one count of indecency 
with a child.  At trial, B.N.M. 
testified that Thomas sometimes showed her pictures on the computer in his home 
office.  She explained that there 
were pictures of children and adults posing nude and also of adults engaged in 
sexual activities with other adults, children, and animals.  B.N.M. testified that Thomas would ask 
her to pose like the people in the pictures. 
The State also called Detective Stephens to testify concerning the images 
he retrieved from the three hard drives.  
During its direct examination of the detective, the State introduced into 
evidence State=s 
Exhibit 3 without objection from Thomas=s 
defense attorney.  State=s 
Exhibit 3 consists of twenty-one images of teenaged girls engaging in sexual 
acts with adult males or posing in a sexual manner.  When the State sought to introduce into 
evidence State=s 
Exhibit 4Ctwenty 
images of a pre-adolescent child posing partially and fully nudeCdefense 
counsel objected that the evidence was cumulative and irrelevant in light of 
State=s 
Exhibit 3.  The trial court 
overruled defense counsel=s 
objection and admitted the images.  


Thomas 
took the stand at trial.  He could 
not explain the accusations against him except to suggest that 
B.N.M.=s 
mother may have influenced B.N.M. to falsely accuse him.  Thomas=s 
defense counsel then sought to introduce into evidence a proposed divorce decree 
that awarded Melissa an unequal division of the couple=s 
marital property; Melissa=s 
divorce attorney had sent the proposed decree to Thomas.  The trial court sustained the 
State=s 
objection that the unsigned decree was irrelevant because it was not a final 
judgment.  Later in his testimony, 
Thomas alleged that Melissa may have influenced B.N.M. to falsely accuse him of 
sexual assault in order to get out of the marriage.  Thomas also testified that he never 
intentionally downloaded child pornography and that he would delete it when he 
found it on his computer.  He 
explained that he used the term ALolita@ 
to search for Hispanic or Spanish adult pornography.   
III.  Standard of 
Review
We 
review a trial court=s 
decision to admit evidence under an abuse of discretion standard.  Kelly v. State, 824 S.W.2d 568, 
573-74 (Tex. Crim. App. 1992); Montgomery v. State, 810 S.W.2d 372, 391 
(Tex. Crim. App. 1991) (op. on reh=g).  The trial court has broad discretion in 
determining the admissibility of evidence, and we may overturn the 
court=s 
ruling only if it is so clearly wrong that the ruling lies outside the zone of 
reasonable disagreement.  See 
Montgomery, 810 S.W.2d at 391.  

IV.  No Abuse of Discretion in Exclusion of 
Proposed Divorce Decree

In 
his first issue, Thomas complains that the trial court abused its discretion by 
excluding the unsigned copy of the divorce decree sent to him by 
Melissa=s 
divorce attorney.  Specifically, 
Thomas alleges that the decree was relevant because it proposed an unequal 
division of the marital property, thus supporting his only defenseCthat 
Melissa influenced her daughter to falsely accuse Thomas in order to gain an 
advantage in their divorce proceedings.  
The State maintains that because Thomas did not raise this contention 
when he offered the decree into evidence, the trial court did not abuse its 
discretion by excluding the decree as irrelevant.   


In 
order to be admissible, the evidence must be relevant as defined by rule 401 of 
the Texas Rules of Evidence.  Tex. R. Evid. 401.  Pursuant to rule 401, evidence is 
relevant if it has Aany 
tendency to make the existence of any fact that is of consequence to the 
determination of the action more probable or less probable than it would be 
without the evidence.@  Id.  The proponent of the evidence has the 
burden of demonstrating the relevance of the evidence.  See Garza v. State, 18 S.W.3d 
813, 822 (Tex. App.CFort 
Worth 2000, pet. ref=d).      The appellate court must 
review the trial court's ruling in light of what was before the trial court at 
the time that the trial court made the ruling.  Weatherred v. State, 15 S.W.3d 540, 
542 (Tex. Crim. App. 2000).  In 
determining whether evidence is relevant, courts look to the stated purpose for 
offering the evidence and to whether there is a direct or logical connection 
between the offered evidence and the proposition sought to be proved.  Reed v. State, 59 S.W.3d 278, 281 
(Tex. App.CFort 
Worth 2001, pet. ref'd). Before Thomas 
offered the proposed divorce decree into evidence, he testified that Melissa is 
the only person in B.N.M.=s 
life who has enough influence over B.N.M. to be able to convince her to falsely 
accuse him of sexual assault.  At 
that time, however, Thomas did not allude to any motive for Melissa to encourage 
her daughter to falsely accuse him.  
Additionally, when Thomas=s 
defense counsel offered the proposed divorce decree into evidence, she did not 
inform the trial court of her purpose in introducing the evidence, nor did she 
make any attempt to explain its relevance.  
Thomas=s 
testimony went on for over twenty-five pages before he suggested that Melissa 
may have influenced her daughter to lie so that Melissa could get out of the 
marriage.        
When Thomas offered the proposed divorce decree into evidence, he had the 
burden of establishing that the evidence was relevant.  See Garza, 18 S.W.3d at 822.  However, he failed to meet this burden, 
and we cannot say that the trial court acted outside the zone of reasonable 
disagreement by sustaining the State=s 
objection that the proposed decree was irrelevant at the time it was 
offered.  See Montgomery, 810 
S.W.2d at 391.  Even if Thomas had 
explained to the trial court his reason for introducing the proposed divorce 
decree, the trial court could have reasonably determined that the proffered 
evidence did not have any tendency to make the existence of any fact of 
consequence to the determination of the actionCThomas=s 
alleged sexual assault of and indecency with B.N.M.Cmore 
probable or less probable.  See 
Tex. R. Evid. 401.  
The 
proposed decree indicates that the district court heard Melissa and 
Thomas=s 
divorce proceedings on September 8, 2003Calmost 
six months after B.N.M. told her mother that Thomas had been touching her.  There is no evidence that Melissa and 
Thomas had even discussed divorce until after Melissa learned of 
Thomas=s 
alleged sexual assault of her daughter.  
It is logical that Melissa decided to divorce Thomas after learning of 
B.N.M.=s 
allegations that Thomas had been sexually assaulting her for three years and 
that she sought a disproportionate amount of the marital property for that 
reason.  Thus, although Thomas 
sought to introduce the proposed decree to prove Melissa=s 
motive in influencing B.N.M. to lie about the sexual assault, the trial court 
could have reasonably concluded that no logical connection existed between the 
proposed divorce decree and this proposition.  See Reed, 59 S.W.3d at 281. We hold that the trial court=s 
decision to exclude the proposed divorce decree does not fall Aoutside 
the zone of reasonable disagreement.@ 
See Montgomery, 810 S.W.2d at 391.  
Accordingly, the trial court did not abuse its discretion by excluding 
the evidence.  See Kelly, 824 
S.W.2d at 573-74; Montgomery, 810 S.W.2d at 391.  We overrule Thomas=s 
first issue.
 

V.  No Abuse of Discretion in Admission of 
Pornographic Images

In 
his second issue, Thomas contends that the trial court abused its discretion by 
admitting as State=s 
Exhibit 4 images of a young girl found on Thomas=s 
computer.  Thomas argues that the 
images were cumulative of the other pornographic images introduced in 
State=s 
Exhibit 3 and that the probative value of these images was substantially 
outweighed by their prejudicial effect.         Rule 
403 provides that A[a]lthough 
relevant, evidence may be excluded if its probative value is substantially 
outweighed by the danger of unfair prejudice, confusion of the issues, or 
misleading the jury, or by considerations of undue delay, or needless 
presentation of cumulative evidence.@  Tex. R. Evid. 403 (emphasis 
added).  A rule 403 analysis by the 
trial court should include, but is not limited to, the following 
considerations:  (1) the probative 
value of the evidence; (2) the potential of the evidence to impress the jury in 
some irrational, indelible way; (3) the time the proponent needs to develop the 
evidence; and (4) the proponent=s 
need for the evidence.  See Erazo 
v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).  Concerning probativeness, photographs 
generally are admissible if verbal testimony of the matters depicted in the 
photographs is also admissible as long as their probative value is not 
outweighed by any prejudicial effect.  
Potter v. State, 74 S.W.3d 105, 112 (Tex. App.CWaco 
2002, no pet.) (citing Ramirez v. State, 815 S.W.2d 636, 647 (Tex. Crim. 
App. 1991)).
With 
respect to Thomas=s 
claim that the images in State=s 
Exhibit 4 were inadmissible because they were needlessly cumulative, the concern 
for needless presentation of cumulative evidence involves the efficiency of the 
judicial process rather than the threat of inaccurate decisions.  See Alvarado v. State, 912 S.W.2d 
199, 212 (Tex. Crim. App. 1995).  
The trial court must balance the probativeness of the evidence against 
the tendency, if any, that the evidence has to prolong the trial to the 
defendant=s 
detriment.  Ladd v. State, 3 
S.W.3d 547, 569 (Tex. Crim. App. 1999) (citing Alvarado, 912 S.W.2d at 
213), cert. denied, 529 U.S. 1070 (2000).  


Here, 
the images in State=s 
Exhibit 3 portray teenage girls performing sexual acts with an adult male and 
posing in a sexual manner, but the images in State=s 
Exhibit 4 portray a younger pre-adolescent girl posing partially and fully nude 
and are not as sexually explicit as those in State=s 
Exhibit 3.  The images in 
State=s 
Exhibit 4 are clearly not cumulative because they address different points from 
those addressed in State=s 
Exhibit 3.  See Alvarado, 912 
S.W.2d at 213 (quoting Goode, 
Wellborn & Sharlot, Guide to 
the Texas Rules of Evidence ' 
403.3 (2d ed. 1993)) (defining cumulative to mean that A>other 
evidence on the same point has been already received=@).  The State explains that it presented the 
second set of images (State=s 
Exhibit 4) to illustrate Thomas=s 
sexual interest in pre-adolescent girls the same age as B.N.M.; to support 
Detective Stephens=s 
testimony that the term ALolita@ 
retrieves child pornography, not Hispanic adult pornography as Thomas suggested; 
and to corroborate B.N.M.=s 
testimony that Thomas showed her pictures of people posing nude and asked her to 
pose like the girls in the pictures.  
Thus, State=s 
Exhibit 4 did not present cumulative evidence as Thomas suggests.  See id.     Turning to the rule 403 
considerations, Detective Stephens testified concerning the images of the 
pre-adolescent girl recovered from Thomas=s 
computer=s 
hard drive, and B.N.M. testified concerning the images Thomas showed her on his 
computer.  The images in 
State=s 
Exhibit 4 tended to corroborate both Detective Stephen=s 
and B.N.M.=s 
testimony and thus had the probative value of strengthening this testimony.  See Lewis v. State, 505 S.W.2d 
603, 604 (Tex. Crim. App. 1974) (holding that probative value is established if 
photograph is needed to corroborate witness=s 
observations and conclusions).  We 
also conclude that the images in State=s 
Exhibit 4 do not tend to impress on the jury in an irrational and indelible 
way.  The age of the girl in the 
images is disturbing, but she is not performing any sexual act, making these 
images less likely to impress on the jury in an irrational way and certainly 
less likely to prejudice the jury than the images admitted without objection in 
State=s 
Exhibit 3.  Cf. Taylor v. 
State, 93 S.W.3d 487, 506-07 (Tex. App.CTexarkana 
2002, pet. ref=d) 
(excluding graphic story of adults raping children as likely to encourage jury 
to resolve material issues on emotional and irrational basis).  Thomas admits that the State did not 
spend an excessive amount of time developing the evidence; Detective 
Stephens=s 
testimony amounts to thirty-five pages from a 310-page record.  Cf. Booker v. State, 103 S.W.3d 
521, 536 (Tex. App.CFort 
Worth 2003, pet. ref=d) 
(op. on reh=g) 
(noting third Montgomery factor weighed in favor of excluding extraneous 
offense when trial time spent proving extraneous offense exceeded time spent 
proving charged offense).  Finally, 
the State had other ways to elicit the evidenceCDetective 
Stephens=s 
testimony concerning these imagesCbut 
that testimony could not as accurately depict for the jurors the exact age of 
the young girl in the images.
We 
have reviewed the images and conclude that the trial court acted within its 
discretion by determining that the probative value of State=s 
Exhibit 4 was not greatly outweighed by the prejudicial effect of the images or 
by needless presentation of cumulative evidence.  We hold that the trial court acted 
within its discretion by admitting State=s 
Exhibit 4.  See Kelly, 824 
S.W.2d at 573-74; Montgomery, 810 S.W.2d at 391.  We overrule Thomas=s 
second issue.
 

VI.  Conclusion
Having 
overruled each of Thomas=s 
two issues, we affirm the trial court=s 
judgment.
 
 
SUE 
WALKER
JUSTICE
 
PANEL 
B:   LIVINGSTON, GARDNER, and 
WALKER, JJ.
 
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED: 
December 8, 2005
 




[1]See Tex. R. App. P. 
47.4.