BELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-499-CR

MARY JOHNSON BELL A/K/A APPELLANT

MARY LOUISE BELL 

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Mary Johnson Bell a/k/a Mary Louise Johnson, appeals her conviction for fraudulent use or possession of identifying information.  In one issue, she complains that the trial court erred by failing to admit exculpatory evidence proffered by the defense.  We affirm.

The issues of law presented by this case are well settled and the parties are familiar with the facts.

During trial, appellant’s defensive theory was that estranged members of her family used her photograph without her permission to fraudulently obtain a Costco card in complainant’s name.  In support of this theory, appellant proffered exhibits consisting of fake drivers’ licenses seized from the home of Jessie Island a/k/a Jessie Allen, to whom appellant contends she is related.  The State objected to the admission of the exhibits on the grounds that they were irrelevant and the trial court sustained the objection.
(footnote: 2)
 Appellant contends that the trial court violated her due process right to present a defense by refusing to admit the exhibits which she contends are relevant to her defensive theory that her family members stole her identity and  used it to commit the crime.
(footnote: 3) 

The admissibility of evidence is within the sound discretion of the trial judge.
(footnote: 4)  Before evidence is admissible, it must be relevant under rule 401.
(footnote: 5)  Evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
(footnote: 6)  In determining whether evidence is relevant, we must look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved.
(footnote: 7)
 In this case, there is no evidence linking the fake drivers’ licenses to appellant’s defensive theory that her relatives stole her identity and used it to create a fake Costco card in complainant’s name.  The fake drivers’ licenses do not make appellant’s identity as the person who committed the crime in question more probable or less probable than it would have been without the evidence.
(footnote: 8)  Thus, we cannot say that the trial court acted outside the zone of reasonable disagreement when it sustained the State’s relevancy objection.
(footnote: 9) 

Therefore, we overrule appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court permitted appellant to offer the excluded exhibits for purposes of appeal.  These items include six driver’s licenses and two Costco cards. 

3:
Brazelton v. State
, 947 S.W.2d 644, 650 (Tex. App.—Fort Worth 1997, no pet.) (citing 
Washington v. State
, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967) for the proposition that the right to present a defense is a fundamental element of due process).  

4:
Burden v. 
State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); Guzman 
v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  As long as the trial court’s evidentiary ruling was at least within the zone of reasonable disagreement, we may not disturb it.  
Montgomery
, 810 S.W.2d at 391.

5:
Tex. R. Evid.
 401; 
Reed v. State
, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref’d). 

6:
Tex. R. Evid.
 401.  

7:
Reed
, 59 S.W.3d at 281; 
Fletcher v. State
, 852 S.W.2d 271, 276-77 (Tex. App.—Dallas 1993, pet. ref’d).

8:
See 
Tex. R. Evid.
 401. 

9:
See Burden
, 55 S.W.3d at 615.