COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-499-CR

 

 

MARY JOHNSON BELL A/K/A                                                APPELLANT

MARY
LOUISE BELL                                                                             

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant, Mary Johnson Bell a/k/a Mary Louise
Johnson, appeals her conviction for fraudulent use or possession of identifying
information.  In one issue, she complains
that the trial court erred by failing to admit exculpatory evidence proffered
by the defense.  We affirm.








The issues of law presented by this case are well
settled and the parties are familiar with the facts.

During trial, appellant=s
defensive theory was that estranged members of her family used her photograph
without her permission to fraudulently obtain a Costco card in complainant=s
name.  In support of this theory,
appellant proffered exhibits consisting of fake drivers=
licenses seized from the home of Jessie Island a/k/a Jessie Allen, to whom
appellant contends she is related.  The
State objected to the admission of the exhibits on the grounds that they were
irrelevant and the trial court sustained the objection.[2]

Appellant contends that the trial court violated
her due process right to present a defense by refusing to admit the exhibits
which she contends are relevant to her defensive theory that her family members
stole her identity and  used it to commit
the crime.[3]









The admissibility of evidence is within the sound
discretion of the trial judge.[4]  Before evidence is admissible, it must be
relevant under rule 401.[5]  Evidence is relevant if it has Aany
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.@[6]  In determining whether evidence is relevant,
we must look to the purpose for offering the evidence and whether there is a
direct or logical connection between the offered evidence and the proposition
sought to be proved.[7]








In this case, there is no evidence linking the
fake drivers= licenses to appellant=s
defensive theory that her relatives stole her identity and used it to create a
fake Costco card in complainant=s
name.  The fake drivers=
licenses do not make appellant=s
identity as the person who committed the crime in question more probable or
less probable than it would have been without the evidence.[8]  Thus, we cannot say that the trial court
acted outside the zone of reasonable disagreement when it sustained the State=s
relevancy objection.[9]


Therefore, we overrule appellant=s sole
point and affirm the trial court=s
judgment. 

 

PER CURIAM

PANEL A:   CAYCE, C.J.; GARDNER
and WALKER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  May 4, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]The trial court permitted
appellant to offer the excluded exhibits for purposes of appeal.  These items include six driver=s licenses and two Costco
cards. 





[3]Brazelton v. State, 947 S.W.2d 644, 650
(Tex. App.CFort Worth 1997, no pet.)
(citing Washington v. State, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923
(1967) for the proposition that the right to present a defense is a fundamental
element of due process).  





[4]Burden v. State, 55 S.W.3d 608, 615
(Tex. Crim. App. 2001); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (op. on reh=g).  As long as the trial court=s evidentiary ruling was
at least within the zone of reasonable disagreement, we may not disturb
it.  Montgomery, 810 S.W.2d at
391.





[5]Tex.
R. Evid.
401; Reed v. State, 59 S.W.3d 278, 281 (Tex. App.CFort Worth 2001, pet. ref=d). 





[6]Tex.
R. Evid.
401.  





[7]Reed, 59 S.W.3d at 281; Fletcher
v. State, 852 S.W.2d 271, 276-77 (Tex. App.CDallas 1993, pet. ref=d).





[8]See Tex.
R. Evid.
401. 





[9]See Burden, 55 S.W.3d at 615.