Affirmed and Memorandum Opinion filed October 30, 2008








Affirmed
and Memorandum Opinion filed October 30, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00772-CR

_______________

 

DAVID EARL SWEED, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                    
           

On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,907

                                                                                                                                          
     

 

M E M O R A N D U M   O P I N I O N

Appellant
David Earl Sweed challenges his conviction for aggravated sexual assault of a
child, arguing that the trial court violated his due process and confrontation
clause rights by denying him the opportunity to develop his defensive theory. 
We affirm.








I.  Background[1]

A grand
jury indicted appellant for the offense of aggravated sexual assault of a
child.  Appellant pleaded Anot guilty,@ and he was tried for the offense in September 2007. 

During
cross-examination of outcry witness Jerline Griffin, appellant attempted to
delve into a matter involving Griffin and appellant=s brother, Craig Sweed.  The State
objected to this line of questioning on relevance grounds, and the trial court
considered the evidence outside of the jury=s presence.  Appellant argued as
follows:

We have
information . . . that Jerline was involved in a situation with Craig Sweed. 
Craig Sweed is the defendant=s brother. 
That situation involved this lady stealing some credit cards from - - from Mr.
Sweed - - Craig Sweed, using them without his permission and that that was a
situation to lead her to want to get back at not only Craig Sweed but also Mr.
Sweed by basically fabricating this - - telling that young girl to state what
she said.  That=s our relevance . . . .

While still out of the
jury=s presence, appellant  questioned
Griffin. She admitted she had served probation or deferred adjudication for an
incident some twenty years ago involving appellant=s brother, Craig Sweed, and the use
of some credit cards.  The State objected that the testimony was irrelevant and
the incident was too remote.  The trial court sustained the State=s relevancy objection to A[a]ny questioning of this witness as
it relates to her relationship with Mr. Craig Sweed regarding the taking of a
credit card or the using of a credit card . . . .@  Appellant concluded his
cross-examination of Griffin before the jury without further questioning her
concerning any potential bias against the Sweed family or attempts to influence
the complainant to fabricate her testimony.  

The jury
convicted appellant of aggravated sexual assault of a child, fined him $10,000,
and sentenced him to forty-five years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  The trial court entered judgment
on the jury=s verdict, and this appeal timely ensued.








II.  Issues Presented

In his
first issue, appellant contends that the trial court denied him the opportunity
to present a complete defense and violated his state and federal due process
rights Aby ruling that his defensive theory
was inadmissible on relevance grounds.@  He similarly argues in his second
issue that the ruling violated his rights under the confrontation clauses of
the state and federal constitutions. 

III.  Analysis

When
reviewing a trial court=s decision to admit or exclude evidence, we apply the
familiar abuse-of-discretion standard.  Ramos v. State, 245 S.W.3d 410,
417B18 (Tex. Crim. App. 2008).  The trial
court does not abuse its discretion unless its ruling lies Aoutside the zone of reasonable
disagreement.@  Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). 
Even if erroneous, the trial court=s exclusion of evidence offered by
the accused generally does not rise to the level of constitutional error unless
the offered evidence Aforms the vital core of a defendant=s theory of defense and effectively
prevents him from presenting that defense.@  Id. at 219 (citing Wiley
v. State, 74 S.W.3d 399, 406B07 (Tex. Crim. App. 2002)); Potier
v. State, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002) (en banc).[2]

Here,
appellant=s arguments in support of each of the issues presented are based on the
premise that the trial court ruled his entire defensive theory inadmissible.  
As he explained in his brief:








Since there
was no empirical evidence corroborating the abuse allegations, the State=s entire case rested upon the veracity of the
witnesses, more particularly Jerline Griffin and [the complainant].  The
defense theory attempted to be proffered by [a]ppellant through the
cross-examination of Jerline Griffin was that, due to her admitted bias against
[a]ppellant, her testimony was thereby tainted, and furthermore that she influenced
[the complainant] to fabricate the entire abuse scenario.  The trial court
ruled this defense inadmissible on the grounds of relevance, and arbitrarily
refused to allow the jury to hear about the bias.  This ruling violated
[a]ppellant=s rights under the Due Process Clause of the
Fourteenth Amendment, the Confrontation Clauses of the Sixth Amendment, and
Article I ' 10 of the Texas Constitution.

But this argument
mischaracterizes the trial court=s ruling.  The trial court did not
exclude the defensive theory that Griffin was biased and therefore encouraged
the complainant to make baseless accusations of sexual abuse against
appellant.  Rather, the narrow ruling was directed only at Griffin=s arrest twenty years earlier.  

As
demonstrated in appellant=s offer of proof, Griffin would have testified that she knew
appellant=s brother Craig because her cousin, the complainant=s mother, had dated Craig in 1987. 
During that time, the complainant=s mother was arrested in connection
with her use of Craig=s credit cards.  In addition, Griffin was arrested because
she was driving the vehicle in which merchandise purchased with the cards was
found.  Griffin received Adeferred probation,@[3] which she successfully completed,
and the charge was dismissed.  According to Griffin, she has had no contact
with Craig Sweed in the fifteen years since the charge was dismissed.








We
cannot conclude that the exclusion of this evidence as irrelevant falls outside
the zone of reasonable disagreement.  When offered to attack a witness=s credibility, evidence of a
conviction is inadmissible if probation has been satisfactorily completed and
that person has not been convicted of a subsequent felony or a crime of moral
turpitude.  Tex. R. Evid. 609(c)(2). 
Here, appellant offered no evidence that Griffin had such a subsequent criminal
history. Although appellant asserted at trial that he did not offer the
evidence to attack Griffin=s credibility, he argued that the events of 1987 led Griffin Ato want to get back at not only Craig
Sweed but also [appellant] by basically fabricating this - - telling that young
girl to state what she said.@  Inasmuch as Griffin had already testified that she first
learned of the alleged sexual abuse directly from the complainant, we are not
persuaded that this testimony was not offered to impugn Griffin=s credibility as an outcry witness.  

 Moreover,
courts generally analyze relevancy by considering the purpose for which
evidence is offered and determining whether there is a direct or logical
connection between the evidence and the proposition sought to be proven.  See
Reed v. State, 59 S.W.3d 278, 281 (Tex. App.CFort Worth 2001, pet. ref=d).  ARelevant evidence@ means evidence having any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
Here, appellant sought to prove that the complainant fabricated her allegations
of sexual abuse against him.  Reasonable people could conclude that Griffin=s arrest twenty years earlier in
connection with an offense concerning Craig Sweed had no effect on the veracity
of the complainant=s accusations against appellant.   As the trial court
explicitly informed appellant, Griffin=s alleged predisposition or bias
toward the Sweed family was a Adifferent issue.@    

IV.  Conclusion

Having
ascertained no abuse of discretion in the trial court=s evidentiary ruling, we overrule
appellant=s two issues and affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 30, 2008.

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Because
appellant complains only about a specific evidentiary ruling, we limit our
discussion of the facts to those necessary to resolve his appeal.





[2]  Although
inapplicable here, a criminal defendant=s
constitutional rights could also be violated by the exclusion of evidence
pursuant to a state evidentiary rule that categorically and arbitrarily
prohibits the defendant from offering otherwise relevant, reliable evidence
that is vital to his defense.  Wiley, 74 S.W.3d at 406‑07.





[3]  It appears
from the context that the phrase deferred adjudication was intended.