COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-021-CR

 

 

GUSTAVO RODRIGUEZ                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                     MEMORANDUM
OPINION ON REMAND[1]

 

                                              ------------








This case is before us on
remand for consideration of Appellant Gustavo Rodriguez=s remaining issues on appeal. 
On original submission, we sustained Rodriguez=s second issue challenging the trial court=s ruling denying his motion to suppress evidence.  See Rodriguez v. State, No.
02-05-0021-CR, 2006 WL 1102585 (Tex. App.CFort Worth Apr. 27, 2006) (mem. op.) (not designated for
publication).  We also overruled
Rodriguez=s fifth
issue complaining of the trial court=s ruling denying his motion for a directed verdict.  Id. at *8B9.  On the State=s petition for discretionary review, the court of criminal appeals
reversed this court=s judgment,
holding that the affidavit supporting the search warrant contained sufficient
facts to establish probable cause.  See
Rodriguez v. State, 232 S.W.3d 55, 56 (Tex. Crim. App. 2007).  The court remanded the case to this court Ato address [Rodriguez=s] remaining claims.@[2]








Rodriguez argues in his first
issue that the trial court erred by overruling his motion to suppress evidence
because his person, his things, and his residence were seized without probable
cause and without a warrant.  If
Rodriguez is arguing that he was illegally seized when officers secured and Afroze@ the house
that he was arrested at, we resolved this issue against him in our original
opinion.  After setting forth the rule
that Asecuring a dwelling, on the basis of probable cause, to prevent the
destruction or removal of evidence while a search warrant is being sought is
not itself an unreasonable seizure of either the dwelling or its contents,@ we stated that ASergeant
Hall was justified in believing that the contraband, which was readily
destructible, could be destroyed or removed before he was able to obtain a
search warrant,@ that Athe officers were justified in securing the premises and the subjects,@ and that Athe officers
properly waited for the search warrant.@  Rodriguez, 2006 WL
1102585, at *7B8.  Rodriguez was thus not illegally or
unreasonably seized when officers secured the house and waited for the search
warrant.  If Rodriguez is arguing that
the subsequent search conducted by officers after having obtained a warrant was
unlawful, the court of criminal appeals held that the search warrant contained
sufficient facts establishing probable cause. 
Rodriguez, 232 S.W.3d at 56. 
Thus, officers conducted the search pursuant to a valid warrant.  We overrule Rodriguez=s first issue.

In his third issue, Rodriguez
argues that the trial court erred by overruling his motion to suppress his
written statement.  He contends that he
was Aclearly coerced and intimidated into giving [the] statement@ because Officer Cedillo, the officer who took Rodriguez=s statement, was wearing a mask and carrying a gun.








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002).  When
the trial court makes explicit fact findings, we determine whether the
evidence, when viewed in the light most favorable to the trial court=s ruling, supports those fact findings.  State v. Kelly, 204 S.W.3d 808, 818B19 (Tex. Crim. App. 2006).








In determining whether a
trial court=s decision
is supported by the record, we generally consider only evidence adduced at the
suppression hearing because the ruling was based on it rather than on evidence
introduced later.  See Gutierrez v.
State, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); Rachal v. State,
917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043
(1996).  But this general rule is
inapplicable when the parties consensually reopened the evidence and
relitigated the suppression issue during trial on the merits.  Gutierrez, 221 S.W.3d at 687; Rachal,
917 S.W.2d at 809.  Here, when the State
offered Rodriguez=s written
statement into evidence at trial, Rodriguez reurged the objections that he had
made to the admissibility of his statement at the suppression hearing.  We therefore limit our scope of review to the
evidence presented at the suppression hearing. 
See James v. State, 102 S.W.3d 162, 170 (Tex. App.CFort Worth 2003, pet. ref=d).








The statement of an accused
may be used in evidence if it was freely and voluntarily made without
compulsion or persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005).  The determination of
whether a confession is voluntary is based on an examination of the totality of
the circumstances surrounding its acquisition. 
Reed v. State, 59 S.W.3d 278, 281 (Tex. App.CFort Worth 2001, pet. ref=d).  A confession is involuntary
if circumstances show that the defendant=s will was Aoverborne@ by police coercion.  Creager
v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).  In other words, the statement is involuntary
if the record reflects Aofficial,
coercive conduct of such a nature@ that any statement obtained thereby is Aunlikely to have been the product of an essentially free and
unconstrained choice by its maker.@  Alvarado v. State, 912
S.W.2d 199, 211 (Tex. Crim. App. 1995).

In the instant case, the
trial court issued findings of fact and conclusions of law in which it
concluded that Rodriguez=s written
statement Awas made
freely and voluntarily without compulsion or persuasion; and is admissible as a
matter of fact and law.@  Officer Cedillo took Rodriguez=s written statement.  He
testified at the suppression hearing that he and Rodriguez were in the living
room of the house where Rodriguez had been arrested, that he is fluent in
Spanish, and that he presented Rodriguez, who speaks Spanish, with Miranda
warnings that were written in Spanish. 
Rodriguez read the warnings to himself and wrote his initials beside
each warning.  Rodriguez stated that he
understood the warnings and his rights. 
He never asked for a lawyer. 
Rodriguez wrote underneath the Miranda warnings that he was helping to
unload drugs and that he was going to be paid $10,000 to use the house.  Officer Cedillo testified that he did not
threaten or coerce Rodriguez and that he did not offer Rodriguez any incentive
to waive his rights and speak to him. 
Officer Cedillo testified that it was Apossible@ that he was
wearing a mask to protect his identity but that he never had his gun drawn and
pointed at Rodriguez; his gun was probably hidden in his waist area.








Giving deference to the trial
court=s evaluation of the facts, we hold that the trial court=s conclusion that Rodriguez gave his statement freely and voluntarily
is supported by the record.  Nothing in
the record indicates that Rodriguez was intimidated, compelled, or otherwise
coerced into giving the written statement by Officer Cedillo=s Apossibly@ wearing a mask or carrying a hidden gun.  The trial court properly concluded that
Rodriguez freely, knowingly, and intelligently waived his rights, that his
written statement was voluntary, and that he was not coerced or deceived into
giving his statement.  See Tex. Code Crim. Proc. Ann. arts. 38.21,
38.22 (Vernon 2005); Alvarado, 912 S.W.2d at 211.  Thus, the trial court did not err by denying
Rodriguez=s motion to
suppress his written statement.  We
overrule Rodriguez=s third
issue.

In his fourth issue,
Rodriguez argues that the trial court erred by admitting his written statement
because there was no showing that Officer Cedillo Aspoke Spanish well enough.@  He contends that Officer
Cedillo Awas not adequately proved to have the interpretation skills required
to admit evidence under@ the
relevant statutory and caselaw authorities.








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).

Here, Rodriguez concedes that he failed to assert any
objection to Officer Cedillo=s Spanish-speaking
qualifications and that we can dispose of this issue on this ground.  Indeed, because Rodriguez failed to assert an
objection challenging Officer Cedillo=s Spanish-speaking
qualifications, the trial court did not have an opportunity to consider
Rodriguez=s complaint and make a ruling.  Rodriguez thus failed to preserve his fourth
issue for appellate review.  See Tex. R. App. P. 33.1(a)(1).  We overrule Rodriguez=s fourth issue.

Having overruled the remaining issues remanded to us by the
court of criminal appeals, Rodriguez=s first, third,
and fourth issues, we affirm the trial court=s judgment.

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
B:  LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

PUBLISH

 








DELIVERED:  February 7, 2008











[1]See Tex. R.
App. P. 47.4.





[2]Our original opinion and the court
of criminal appeals=s opinion thoroughly set forth the
underlying factual and procedural background. 
We therefore do not repeat them in this opinion on remand.