**Gustavo RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–05–021–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 7, 2008.

Rehearing Overruled March 6, 2008.

---

Richard A. Henderson, Fort Worth, TX, for Appellant.

Tim Curry, Criminal District Atty., Charles M. Mallin, Michael R. Casillas, David Hagerman, Asst. Criminal District Attys., Tarrant County, TX, for The State.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## MEMORANDUM OPINION
## ON REMAND[1]

DIXON W. HOLMAN, Justice.

This case is before us on remand for consideration of Appellant Gustavo Rodriguez's remaining issues on appeal. On original submission, we sustained Rodriguez's second issue challenging the trial court's ruling denying his motion to suppress evidence. *See Rodriguez v. State,* No. 02–05–0021–CR, 2006 WL 1102585 (Tex.App.-Fort Worth Apr.27, 2006) (mem. op.) (not designated for publication). We also overruled Rodriguez's fifth issue complaining of the trial court's ruling denying his motion for a directed verdict. *Id.* at *8–9. On the State's petition for discretionary review, the court of criminal appeals reversed this court's judgment, holding that the affidavit supporting the search warrant contained sufficient facts to establish probable cause. *See Rodriguez v. State,* 232 S.W.3d 55, 56 (Tex.Crim.App. 2007). The court remanded the case to this court "to address [Rodriguez's] remaining claims."[2]

■ Rodriguez argues in his first issue that the trial court erred by overruling his motion to suppress evidence because his person, his things, and his residence were seized without probable cause and without a warrant. If Rodriguez is arguing that he was illegally seized when officers se-

1. *See* Tex.R.App. P. 47.4.

2. Our original opinion and the court of criminal appeals's opinion thoroughly set forth the underlying factual and procedural background. We therefore do not repeat them in this opinion on remand.

cured and "froze" the house that he was arrested at, we resolved this issue against him in our original opinion. After setting forth the rule that "securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents," we stated that "Sergeant Hall was justified in believing that the contraband, which was readily destructible, could be destroyed or removed before he was able to obtain a search warrant," that "the officers were justified in securing the premises and the subjects," and that "the officers properly waited for the search warrant." *Rodriguez*, 2006 WL 1102585, at *7–8. Rodriguez was thus not illegally or unreasonably seized when officers secured the house and waited for the search warrant. If Rodriguez is arguing that the subsequent search conducted by officers after having obtained a warrant was unlawful, the court of criminal appeals held that the search warrant contained sufficient facts establishing probable cause. *Rodriguez*, 232 S.W.3d at 56. Thus, officers conducted the search pursuant to a valid warrant. We overrule Rodriguez's first issue.

In his third issue, Rodriguez argues that the trial court erred by overruling his motion to suppress his written statement. He contends that he was "clearly coerced and intimidated into giving [the] statement" because Officer Cedillo, the officer who took Rodriguez's statement, was wearing a mask and carrying a gun.

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*,

800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.-Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex.Crim. App.2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex.Crim.App.2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex.Crim.App.2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex.Crim.App.2006).

 In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than on evidence introduced later. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex.Crim. App.2007); *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim.App.), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996). But this general rule is inapplicable when the parties consensually reopened the evidence and relitigated the suppression issue during trial on the merits. *Gutierrez*, 221 S.W.3d at 687; *Rachal*, 917 S.W.2d at 809. Here, when the State offered Rodriguez's written statement into evidence at trial, Rodriguez reurged the

objections that he had made to the admissibility of his statement at the suppression hearing. We therefore limit our scope of review to the evidence presented at the suppression hearing. *See James v. State,* 102 S.W.3d 162, 170 (Tex.App.-Fort Worth 2003, pet. ref'd).

▮▮▮ The statement of an accused may be used in evidence if it was freely and voluntarily made without compulsion or persuasion. TEX.CODE CRIM. PROC. ANN. art. 38.21 (Vernon 2005). The determination of whether a confession is voluntary is based on an examination of the totality of the circumstances surrounding its acquisition. *Reed v. State,* 59 S.W.3d 278, 281 (Tex.App.-Fort Worth 2001, pet. ref'd). A confession is involuntary if circumstances show that the defendant's will was "overborne" by police coercion. *Creager v. State,* 952 S.W.2d 852, 856 (Tex.Crim.App. 1997). In other words, the statement is involuntary if the record reflects "official, coercive conduct of such a nature" that any statement obtained thereby is "unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App.1995).

▮▮▮ In the instant case, the trial court issued findings of fact and conclusions of law in which it concluded that Rodriguez's written statement "was made freely and voluntarily without compulsion or persuasion; and is admissible as a matter of fact and law." Officer Cedillo took Rodriguez's written statement. He testified at the suppression hearing that he and Rodriguez were in the living room of the house where Rodriguez had been arrested, that he is fluent in Spanish, and that he presented Rodriguez, who speaks Spanish, with Miranda warnings that were written in Spanish. Rodriguez read the warnings to himself and wrote his initials beside each warning. Rodriguez stated that he understood the warnings and his rights. He never asked for a lawyer. Rodriguez wrote underneath the Miranda warnings that he was helping to unload drugs and that he was going to be paid $10,000 to use the house. Officer Cedillo testified that he did not threaten or coerce Rodriguez and that he did not offer Rodriguez any incentive to waive his rights and speak to him. Officer Cedillo testified that it was "possible" that he was wearing a mask to protect his identity but that he never had his gun drawn and pointed at Rodriguez; his gun was probably hidden in his waist area.

Giving deference to the trial court's evaluation of the facts, we hold that the trial court's conclusion that Rodriguez gave his statement freely and voluntarily is supported by the record. Nothing in the record indicates that Rodriguez was intimidated, compelled, or otherwise coerced into giving the written statement by Officer Cedillo's "possibly" wearing a mask or carrying a hidden gun. The trial court properly concluded that Rodriguez freely, knowingly, and intelligently waived his rights, that his written statement was voluntary, and that he was not coerced or deceived into giving his statement. *See* TEX.CODE CRIM. PROC. ANN. arts. 38.21, 38.22 (Vernon 2005); *Alvarado,* 912 S.W.2d at 211. Thus, the trial court did not err by denying Rodriguez's motion to suppress his written statement. We overrule Rodriguez's third issue.

▮▮▮ In his fourth issue, Rodriguez argues that the trial court erred by admitting his written statement because there was no showing that Officer Cedillo "spoke Spanish well enough." He contends that Officer Cedillo "was not adequately proved to have the interpretation skills required to admit evidence under" the relevant statutory and caselaw authorities.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R.APP. P. 33.1(a)(2); *Mendez v. State,* 138 S.W.3d 334, 341 (Tex.Crim.App.2004).

Here, Rodriguez concedes that he failed to assert any objection to Officer Cedillo's Spanish-speaking qualifications and that we can dispose of this issue on this ground. Indeed, because Rodriguez failed to assert an objection challenging Officer Cedillo's Spanish-speaking qualifications, the trial court did not have an opportunity to consider Rodriguez's complaint and make a ruling. Rodriguez thus failed to preserve his fourth issue for appellate review. *See* TEX.R.APP. P. 33.1(a)(1). We overrule Rodriguez's fourth issue.

Having overruled the remaining issues remanded to us by the court of criminal appeals, Rodriguez's first, third, and fourth issues, we affirm the trial court's judgment.