COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-192-CR

 

 

MARK SCHWARZER                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Mark Schwarzer
appeals from his conviction for two counts of aggravated sexual assault.  In six points, he argues that his trial
counsel rendered ineffective assistance. 
We affirm.

 

 








                                            Background

The complainant in this case
is B.K., a twelve-year-old girl.  B.K.=s mother began dating Appellant in 2000 or 2001.  B.K. testified that in 2005 Appellant
inserted his fingers into her vagina while they were in a hot tub.  She said he did the same thing later that
month while she was watching television in her mother=s bed.  B.K. testified that the
next day, Appellant asked her, AWell, what do you think about what I did yesterday in the bed?@; she replied, AI don=t ever want you to touch me like that again,@ and Appellant said Aokay.@ 

In March 2006, B.K. told two
friends what Appellant had done to her the previous summer.  Her friend urged her to tell B.K.=s mother, and B.K. did so. B.K. repeated her outcry to her counselor,
a CPS worker, and a sexual assault nurse examiner.  

Police Detective Robert
Dillman testified that he interviewed Appellant; the interview was noncustodial
and videotaped.  During the interview,
Appellant conceded that it was possible that he had touched B.K.=s genitals and said, AI=m not going
to deny it.  I can=t deny it because I don=t think she would lie.@  He said that he felt horrible
and that he would pay for counseling for B.K. 
The videotape was played for the jury at trial.

At trial, Appellant denied
having inserted his fingers into B.K.=s vagina,  but he testified that
he might have touched B.K.=s genitals accidentally.  








A jury convicted Appellant
for two counts of aggravated sexual assault and assessed punishment of eight
years= confinement for each count. 
The trial court rendered judgment accordingly, and this appeal followed.


                                       Standard of Review

To establish ineffective
assistance of counsel, an appellant must show by a preponderance of the
evidence (1) that his counsel=s representation fell below the standard of prevailing professional
norms and (2) that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).








When evaluating the
effectiveness of counsel under the first Strickland prong, we look to
the totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s representation
is highly deferential, and the reviewing court indulges a strong presumption
that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63. 

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








A reviewing court will rarely
be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

There is no requirement that
we approach the two-pronged inquiry of Strickland in any particular
order, or even address both components of the inquiry if the defendant makes an
insufficient showing on one component.  Id.
at 697, 104 S. Ct. at 2069.

                                             Discussion

A.     The State=s opening argument; testimony of examining nurse.

In his first point, Appellant
argues that trial counsel rendered ineffective assistance by failing to make a
hearsay objection during the State=s opening argument when the prosecutor said, A[H]e approaches her and says, what do you think about what I did?  Her response is, don=t ever do that again.  And he
says okay.@; A[The CPS worker] is going to testify about that interview and about
statements made by [B.K.] during that interview.@; and A[The sexual
assault nurse examiner]=s going to
testify about talking to [B.K.], and she=s going to testify that [B.K.] told her the same thing.@  In his second point, Appellant
argues that counsel rendered ineffective assistance by failing to object to the
examining nurse=s actual
testimony presented later at trial.








In the State=s opening statement, A[t]he State=s attorney
shall state to the jury the nature of the accusations and the facts which are
expected to be proved by the State in support thereof.@  Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon
2007).  A preliminary statement of what
the State expects to prove is proper.  Marini
v. State, 593 S.W.2d 709, 715 (Tex. Crim. App. 1980).  If evidence is admissible at trial, the
prosecutor does not err in referencing the evidence during the opening
statement.  Parra v. State, 935
S.W.2d 862, 871 (Tex. App.CTexarkana 1996, pet. ref=d).

Hearsay is an out-of-court
statement offered to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Hearsay is not
admissible except as provided by statute or by the Texas Rules of
Evidence.  Tex. R. Evid. 802.

The prosecutor=s complained-of sentences fall into three categories.  First is Appellant=s out-of-court statement. 
Appellant=s statement
is not hearsay because it is a statement by a party-opponent.  See Tex. R.
Evid. 801(e)(2) (excluding statements by
party-opponent from the definition of hearsay).

Second is the prosecutor=s statement that the CPS worker would tell the jury what B.K.
said.  The prosecutor=s statement contained no hearsay because it did not disclose to the
jury any out-of-court statement; the prosecutor merely identified the subject
about which the CPS worker would testify. 
See Tex. R. Evid. 801.








Third is the prosecutor=s statement that the nurse examiner would testify that B.K. Atold her the same thing,@ i.e., that B.K. explained to the nurse the same details about the
assault that she had told to her mother. 
This statement segues into Appellant=s second point, in which he complains that counsel failed to object
when the examining nurse actually testified.

Rule of evidence 803(4)
creates an exception to the hearsay rule for statements made for the purpose of
medical diagnosis or treatment.  Tex. R. Evid. 803(4).  The examining nurse testified that prior to
examining B.K. she asked B.K. the reason for the exam as part of her medical
diagnosis and treatment.  She testified
that B.K. responded that Appellant inserted his fingers into her vagina on two
separate occasions.  Because B.K. made
the statement in question for the purpose of medical diagnosis and treatment,
it is not hearsay.  See id.; Todd
v. State, No. 06‑05‑00149‑CR, 2007 WL 148826, at *2 (Tex.
App.CTexarkana Jan. 23, 2007, pet. ref=d) (mem. op., not designated for publication) (holding counsel not
ineffective for failing to object to complainant=s out of court statement regarding sexual abuse made to examining
nurse and collecting similar cases).








Because the prosecutor=s opening statement and the examining nurse=s testimony did not involve hearsay, Appellant=s counsel was not ineffective for failing to make hearsay objections
to them; the failure to object to admissible evidence does not constitute
ineffective representation.  Ex parte
White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).  We overrule Appellant=s first two points.

B.     Detective Dillman=s testimony.

In his third point, Appellant
argues that counsel rendered ineffective assistance by failing to object to the
hearsay testimony and improper bolstering testimony of Detective Dillman.  Appellant does not identify which parts of
Detective Dillman=s testimony
constituted hearsay.  With regard to his
bolstering claim, he points to specific testimony, but he offers no argument or
citation to any authority whatsoever. 
Argument in an appellate brief must contain appropriate citations to
authorities and to the record.  Tex. R. App. P. 38.1(h).  We therefore overrule Appellant=s third point for inadequate briefing.

C.     Failure to request a Jackson
v. Denno hearing

In his fourth point,
Appellant argues that counsel was ineffective by failing to request a Jackson
v. Denno[2]
hearing to determine the voluntariness of his confession.








A defendant has a right to
object to the use of a confession and the right to a hearing to determine
whether the confession was voluntary.  Id.  The sole issue in such a hearing is whether
the confession was coerced.  Pierce v.
State, 32 S.W.3d 247, 252 (Tex. Crim. App. 2000).  The statement of an accused may be used in
evidence if it was freely and voluntarily made without compulsion or
persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005).  A confession is involuntary if circumstances
show that the defendant=s will was Aoverborne@ by police
coercion.  Creager v. State, 952
S.W.2d 852, 856 (Tex. Crim. App. 1997). 
In other words, a statement is involuntary if the record reflects Aofficial, coercive conduct of such a nature@ that any statement obtained thereby is Aunlikely to have been the product of an essentially free and
unconstrained choice by its maker.@  Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995). 
The determination of whether a confession is voluntary is based on an
examination of the totality of the circumstances surrounding its
acquisition.  Reed v. State, 59
S.W.3d 278, 281 (Tex. App.CFort Worth 2001, pet. ref=d).








Appellant does not explain
how his confession was involuntary or point to any evidence that tends to show
that his will was overborne by police coercion. 
We have reviewed the videotape of the confession.  At the beginning of the interview, Detective
Dillman explained to Appellant that he was not in custody and that he was free
to leave at any time, and he told Appellant how to leave the interview room and
the building.  At no time during the
interview did Appellant attempt to leave the room or express a desire to
terminate the interview.  To the
contrary, it appears that Appellant voluntarily extended the interview and
offered additional information more than once when Detective Dillman was
attempting to wind down the interview.

Because there is no
indication in the record that Appellant=s confession was involuntary, Appellant has not shown a  reasonable probability that, but for counsel=s failure to request a Jackson v. Denno hearing, the result of
the proceeding would have been different. 
Thus, he has failed to satisfy the second prong of the Strickland
test.  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.  Therefore, we
overrule his fourth point.

D.     Video of B.K.=s CPS interview.

In his fifth point, Appellant
argues that counsel rendered ineffective assistance when he failed to object to
the admission into evidence of a DVD video recording of B.K.=s interview with a CPS worker. 
Appellant=s entire
argument on this point (excluding a boilerplate recitation of
ineffective-assistance law, which he repeats in each of his points) reads, AAppellant=s trial
attorney provided ineffective assistance of counsel by failing to object to the
introduction of State=s exhibit
No. 5, a prejudicial DVD of the victim=s police [sic] interview. [Record reference omitted] The Appellant was
not provided with a fair trial as guaranteed by the Sixth Amendment.@ 








Appellant=s cursory argument satisfies neither prong of the Strickland
test.  The record is silent as to counsel=s possible strategy in not objecting to the video.  One possible strategy was to allow the jury
to assess B.K.=s
credibility and demeanor during the CPS interview.  Thus, indulging a strong presumption that
counsel=s conduct fell within a wide range of reasonable representation, see
Salinas, 163 S.W.3d at 740, the record does not show that counsel=s failure to object to the video was unreasonable under all the
circumstances and prevailing professional norms. See Strickland, 466
U.S. at 688B89, 104 S.
Ct. at 2065.  Thus, Appellant has not
satisfied the first prong of Strickland.








Nor has Appellant satisfied
the second Strickland prong by showing that there is a reasonable
probability that, but for counsel=s failure to object, the result of the proceeding would have been
different or even that the trial court would or should have excluded the
video.  See id. at 694, 104 S. Ct.
at 2068.  That evidence is Aprejudicial@Cthe only objection to the video suggested by Appellant=s argumentCis, by
itself, not a valid objection.  See Tex. R. Evid. 403 (AAlthough relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice . . . .@).  In a criminal prosecution,
one may expect that all of the evidence offered by the State will be
prejudicial to the defense.  Thus, a
trial objection that the video was Aprejudicial@ would not,
in reasonable probability, have resulted in the exclusion of the video or a
different result at trial.  Moreover,
even if the trial court had excluded the video on a timely objection, the same
substantive evidenceCthat
Appellant inserted his fingers into B.K.=s vaginaCwas offered
through several other witnesses, including B.K. herself, making it unlikely
that the exclusion of the video would have resulted in a different verdict.

We overrule Appellant=s fifth point.

E.     The State=s closing argument.

In his sixth point, Appellant
argues that counsel rendered ineffective assistance by failing to object to
hearsay in the State=s closing
argument.  The prosecutor=s statement in question is as follows:

They
want to say [B.K.]=s a
liar.  If she is, you have to think that
she=s
bold enough and vindictive enough to, number one, tell it to her friend; tell
the same lie, number two, to her mother; number three, tell the same consistent
lie to her counselor; number four, tell the same consistent lie to a SANE nurse
. . . . 

 








Proper jury argument includes
(1) summation of the evidence, (2) reasonable deductions from the evidence, (3)
answer to the argument of opposing counsel, and (4) pleas for law
enforcement.  Alejandro v. State,
493 S.W.2d 230, 231B32 (Tex.
Crim. App. 1973).  The quoted portion of
the argument was both a summation of the evidence and an answer to the argument
of defense counsel, who argued that B.K. fabricated her allegations.  The trial court admitted without objection
testimony that B.K. had made similar or identical statements regarding the
sexual assaults to her friend, her mother, her counselor, and the nurse
examiner; thus, the prosecutor=s argument merely summarized what was already before the jury.  Therefore, it is unlikely that the trial
court would sustain a hearsay objection to the State=s argument, and even less likely that the objection would have
resulted in a different verdict. 
Appellant has failed to establish the second prong of Strickland,  466 U.S. at 694, 104 S. Ct. at 2068, and we
overrule his sixth point.

                                             Conclusion

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 12, 2008











[1]See Tex. R. App. P. 47.4.





[2]378
U.S. 368, 377, 84 S. Ct. 1774, 1781 (1964).