

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-192-CR

MARK SCHWARZER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Mark Schwarzer appeals from his conviction for two counts of aggravated sexual assault. In six points, he argues that his trial counsel rendered ineffective assistance. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

**Background**

The complainant in this case is B.K., a twelve-year-old girl. B.K.'s mother began dating Appellant in 2000 or 2001. B.K. testified that in 2005 Appellant inserted his fingers into her vagina while they were in a hot tub. She said he did the same thing later that month while she was watching television in her mother's bed. B.K. testified that the next day, Appellant asked her, "Well, what do you think about what I did yesterday in the bed?"; she replied, "I don't ever want you to touch me like that again," and Appellant said "okay."

In March 2006, B.K. told two friends what Appellant had done to her the previous summer. Her friend urged her to tell B.K.'s mother, and B.K. did so. B.K. repeated her outcry to her counselor, a CPS worker, and a sexual assault nurse examiner.

Police Detective Robert Dillman testified that he interviewed Appellant; the interview was noncustodial and videotaped. During the interview, Appellant conceded that it was possible that he had touched B.K.'s genitals and said, "I'm not going to deny it. I can't deny it because I don't think she would lie." He said that he felt horrible and that he would pay for counseling for B.K. The videotape was played for the jury at trial.

At trial, Appellant denied having inserted his fingers into B.K.'s vagina, but he testified that he might have touched B.K.'s genitals accidentally.

2

A jury convicted Appellant for two counts of aggravated sexual assault and assessed punishment of eight years' confinement for each count. The trial court rendered judgment accordingly, and this appeal followed.

**Standard of Review**

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence (1) that his counsel's representation fell below the standard of prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

When evaluating the effectiveness of counsel under the first *Strickland* prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that

3

counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer

4

ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *Id.* at 697, 104 S. Ct. at 2069.

**Discussion**

**A.    The State's opening argument; testimony of examining nurse.**

In his first point, Appellant argues that trial counsel rendered ineffective assistance by failing to make a hearsay objection during the State's opening argument when the prosecutor said, "[H]e approaches her and says, what do you think about what I did?  Her response is, don't ever do that again.  And he says okay."; "[The CPS worker] is going to testify about that interview and about statements made by [B.K.] during that interview."; and "[The sexual assault nurse examiner]'s going to testify about talking to [B.K.], and she's going to testify that [B.K.] told her the same thing."  In his second point, Appellant argues that counsel rendered ineffective assistance by failing to object to the examining nurse's actual testimony presented later at trial.

In the State's opening statement, "[t]he State's attorney shall state to the jury the nature of the accusations and the facts which are expected to be

5

proved by the State in support thereof." TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007). A preliminary statement of what the State expects to prove is proper. *Marini v. State*, 593 S.W.2d 709, 715 (Tex. Crim. App. 1980). If evidence is admissible at trial, the prosecutor does not err in referencing the evidence during the opening statement. *Parra v. State*, 935 S.W.2d 862, 871 (Tex. App.—Texarkana 1996, pet. ref'd).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute or by the Texas Rules of Evidence. TEX. R. EVID. 802.

The prosecutor's complained-of sentences fall into three categories. First is Appellant's out-of-court statement. Appellant's statement is not hearsay because it is a statement by a party-opponent. *See* TEX. R. EVID. 801(e)(2) (excluding statements by party-opponent from the definition of hearsay).

Second is the prosecutor's statement that the CPS worker would tell the jury what B.K. said. The prosecutor's statement contained no hearsay because it did not disclose to the jury any out-of-court statement; the prosecutor merely identified the subject about which the CPS worker would testify. *See* TEX. R. EVID. 801.

Third is the prosecutor's statement that the nurse examiner would testify that B.K. "told her the same thing," i.e., that B.K. explained to the nurse the

6

same details about the assault that she had told to her mother. This statement segues into Appellant's second point, in which he complains that counsel failed to object when the examining nurse actually testified.

Rule of evidence 803(4) creates an exception to the hearsay rule for statements made for the purpose of medical diagnosis or treatment. TEX. R. EVID. 803(4). The examining nurse testified that prior to examining B.K. she asked B.K. the reason for the exam as part of her medical diagnosis and treatment. She testified that B.K. responded that Appellant inserted his fingers into her vagina on two separate occasions. Because B.K. made the statement in question for the purpose of medical diagnosis and treatment, it is not hearsay. *See id.; Todd v. State*, No. 06-05-00149-CR, 2007 WL 148826, at *2 (Tex. App.—Texarkana Jan. 23, 2007, pet. ref'd) (mem. op., not designated for publication) (holding counsel not ineffective for failing to object to complainant's out of court statement regarding sexual abuse made to examining nurse and collecting similar cases).

Because the prosecutor's opening statement and the examining nurse's testimony did not involve hearsay, Appellant's counsel was not ineffective for failing to make hearsay objections to them; the failure to object to admissible evidence does not constitute ineffective representation. *Ex parte White*, 160

S.W.3d 46, 53 (Tex. Crim. App. 2004).  We overrule Appellant's first two points.

**B.    Detective Dillman's testimony.**

In his third point, Appellant argues that counsel rendered ineffective assistance by failing to object to the hearsay testimony and improper bolstering testimony of Detective Dillman.  Appellant does not identify which parts of Detective Dillman's testimony constituted hearsay.  With regard to his bolstering claim, he points to specific testimony, but he offers no argument or citation to any authority whatsoever.  Argument in an appellate brief must contain appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(h).  We therefore overrule Appellant's third point for inadequate briefing.

**C.    Failure to request a *Jackson v. Denno* hearing**

In his fourth point, Appellant argues that counsel was ineffective by failing to request a *Jackson v. Denno*[2] hearing to determine the voluntariness of his confession.

A defendant has a right to object to the use of a confession and the right to a hearing to determine whether the confession was voluntary. *Id*.  The sole issue in such a hearing is whether the confession was coerced. *Pierce v. State*, 32 S.W.3d 247, 252 (Tex. Crim. App. 2000).  The statement of an accused may be used in evidence if it was freely and voluntarily made without

---

[2] 378 U.S. 368, 377, 84 S. Ct. 1774, 1781 (1964).

8

compulsion or persuasion. TEX. CODE CRIM. PROC. ANN. art. 38.21 (Vernon 2005). A confession is involuntary if circumstances show that the defendant's will was "overborne" by police coercion. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). In other words, a statement is involuntary if the record reflects "official, coercive conduct of such a nature" that any statement obtained thereby is "unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). The determination of whether a confession is voluntary is based on an examination of the totality of the circumstances surrounding its acquisition. *Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd).

Appellant does not explain how his confession was involuntary or point to any evidence that tends to show that his will was overborne by police coercion. We have reviewed the videotape of the confession. At the beginning of the interview, Detective Dillman explained to Appellant that he was not in custody and that he was free to leave at any time, and he told Appellant how to leave the interview room and the building. At no time during the interview did Appellant attempt to leave the room or express a desire to terminate the interview. To the contrary, it appears that Appellant voluntarily extended the

9

interview and offered additional information more than once when Detective Dillman was attempting to wind down the interview.

Because there is no indication in the record that Appellant's confession was involuntary, Appellant has not shown a reasonable probability that, but for counsel's failure to request a *Jackson v. Denno* hearing, the result of the proceeding would have been different. Thus, he has failed to satisfy the second prong of the *Strickland* test. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. Therefore, we overrule his fourth point.

**D.    Video of B.K.'s CPS interview.**

In his fifth point, Appellant argues that counsel rendered ineffective assistance when he failed to object to the admission into evidence of a DVD video recording of B.K.'s interview with a CPS worker. Appellant's entire argument on this point (excluding a boilerplate recitation of ineffective-assistance law, which he repeats in each of his points) reads, "Appellant's trial attorney provided ineffective assistance of counsel by failing to object to the introduction of State's exhibit No. 5, a prejudicial DVD of the victim's police [sic] interview. [Record reference omitted] The Appellant was not provided with a fair trial as guaranteed by the Sixth Amendment."

Appellant's cursory argument satisfies neither prong of the *Strickland* test. The record is silent as to counsel's possible strategy in not objecting to

the video.  One possible strategy was to allow the jury to assess B.K.'s credibility and demeanor during the CPS interview.  Thus, indulging a strong presumption that counsel's conduct fell within a wide range of reasonable representation, *see Salinas*, 163 S.W.3d at 740, the record does not show that counsel's failure to object to the video was unreasonable under all the circumstances and prevailing professional norms. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Thus, Appellant has not satisfied the first prong of *Strickland.*

Nor has Appellant satisfied the second *Strickland* prong by showing that there is a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different or even that the trial court would or should have excluded the video.  *See id.* at 694, 104 S. Ct. at 2068. That evidence is "prejudicial"—the only objection to the video suggested by Appellant's argument—is, by itself, not a valid objection.  *See* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").  In a criminal prosecution, one may expect that all of the evidence offered by the State will be prejudicial to the defense.  Thus, a trial objection that the video was "prejudicial" would not, in reasonable probability, have resulted in the exclusion of the video or a different result at trial.  Moreover, even if the trial court had

11

excluded the video on a timely objection, the same substantive evidence—that Appellant inserted his fingers into B.K.'s vagina—was offered through several other witnesses, including B.K. herself, making it unlikely that the exclusion of the video would have resulted in a different verdict.

We overrule Appellant's fifth point.

**E.     The State's closing argument.**

In his sixth point, Appellant argues that counsel rendered ineffective assistance by failing to object to hearsay in the State's closing argument.  The prosecutor's statement in question is as follows:

> They want to say [B.K.]'s a liar.  If she is, you have to think that she's bold enough and vindictive enough to, number one, tell it to her friend; tell the same lie, number two, to her mother; number three, tell the same consistent lie to her counselor; number four, tell the same consistent lie to a SANE nurse . . . .

Proper jury argument includes (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to the argument of opposing counsel, and (4) pleas for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex. Crim. App. 1973).  The quoted portion of the argument was both a summation of the evidence and an answer to the argument of defense counsel, who argued that B.K. fabricated her allegations. The trial court admitted without objection testimony that B.K. had made similar or identical statements regarding the sexual assaults to her friend, her mother,

12

her counselor, and the nurse examiner; thus, the prosecutor's argument merely summarized what was already before the jury.  Therefore, it is unlikely that the trial court would sustain a hearsay objection to the State's argument, and even less likely that the objection would have resulted in a different verdict.  Appellant has failed to establish the second prong of *Strickland*,  466 U.S. at 694, 104 S. Ct. at 2068, and we overrule his sixth point.

## Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL B:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 12, 2008

13